UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DAVID CHAVEZ,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:15-cr-02097-JAH-1<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)** |

Defendant David Chavez, proceeding pro se, filed a motion to appoint counsel, (ECF No. 141), and a series of motions[1] to reduce his sentence pursuant to 18 U.S.C. § 3582(c) based on Amendment 821 to the Sentencing Guidelines, (ECF Nos. 142, 143, 144, 145, 159). Defendant also filed a supplemental brief to his motion, captioned as a motion to reduce sentence. (ECF No. 158). Pursuant to General Order 755, the Court referred Defendant's motions to Federal Defenders for review and filing of a status report to determine whether the pro se motion requires further assistance of counsel. (ECF No. 146). Federal Defenders determined that the pro se motion can proceed on the existing record. (ECF No. 150). The Government filed a response in opposition to

---

[1]　Because the motions are nearly identical in substance, the Court refers to them collectively.

1

Defendant's request for a sentence reduction. (ECF No. 156). Based upon the record and the law, the Court **DENIES** Defendant's motion to reduce sentence.

On March 3, 2016, Defendant pleaded guilty to a single-count indictment for Conspiracy to Take a Hostage and Hostage Taking in violation of 18 U.S.C. § 1203(a). (Plea Agreement, ECF No. 46). At sentencing, the Court determined Defendant's base offense level was 32 pursuant to United States Sentencing Guideline (U.S.S.G.) § 2A4.1(a). Defendant received a 6-level enhancement pursuant to § 2A4.1(b)(1) because a ransom of $700 was demanded during the commission of the offense; a 2-level enhancement pursuant to § 2A4.1(b)(2)(B) for serious bodily injury as a result of beating one of the victims with a tire iron; and a 2-level enhancement pursuant to § 2A4.1(b)(3) for the use of a dangerous weapon. Defendant also received a 3-level downward adjustment for acceptance of responsibility, and a two-level upward adjustment pursuant to § 3D1.4(a). The Court calculated Defendant's total offense level as 41 with a criminal history score of 15[2], and a criminal history category of VI, resulting in a guideline range of 360-months to life. Defendant was sentenced to 168-months in BOP custody, and three years of supervised release. (ECF No. 86).

Title 18 U.S.C. § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*.

(emphasis added).

---

[2] As a result of his prior convictions, Defendant had thirteen criminal history points, and received an additional two points for having committed the charged offense while under a criminal justice sentence pursuant to § 4A1.1(d)

Part A to Amendment 821 modified U.S.S.G. § 4A1.1(e) to now add one criminal history point instead of two "if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(e).  As applied here, Defendant would have received one criminal history point instead of two for having committed the offense while under a criminal justice sentence, resulting in a total of 14 criminal history points. Defendant would still have a criminal history category of VI, with a guideline range of 360-months to life.  Because the applicable policy statement limits the Court's ability to reduce a defendant's sentence to a term that is less than the minimum of the amended guideline range, and Defendant was sentenced to a term of imprisonment significantly lower than the guideline range, Defendant is not entitled to a sentence reduction under Part A of Amendment 821.  *See* U.S.S.G. § 1B1.10(b)(2)(A); *Dillon v. United States*, 560 U.S. 817, 827 (2010) (Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized.").

Part B of Amendment 821 reduces the offense level for certain offenders who receive no criminal history points. U.S.S.G. § 4C1.1(a).  Because Defendant is not a zero-point offender, Part B is inapplicable.

Accordingly, Defendant's motions for appointment of counsel and a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) are **DENIED**.  (ECF Nos. 141, 142, 143, 144, 145, 158, 159).

**IT IS SO ORDERED.**

DATED: April 10, 2024

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE